IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ZACHEREY DANIEL DVORAK, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:17CV467 |
| v. | ) | |
| | ) | **MEMORANDUM** |
| STATE OF NEBRASKA and DOUGLAS COUNTY CORRECTIONS, | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff, an inmate in the Douglas County Correctional Center, brings this 42 U.S.C. § 1983 action for money damages against Douglas County Corrections and the State of Nebraska. The court previously granted Plaintiff permission to proceed in forma pauperis in this action. The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that the Defendants are violating "all [his] civil rights" because "they are ignoring [him]." (Filing No. 1 at CM/ECF p. 4.) Plaintiff claims unnamed "state employees" have ignored his grievances regarding denial of medical attention and have "come into [his] cell while [he] was sleep[ing] and done surgery." (Filing No. 1 at CM/ECF p. 5.)

Plaintiff asks the court to obtain his grievances because "they" will not send him copies; to "compare [his] body to old x-rays of doctors and hospitals"; to "investigate all employees" regarding his allegations; to "help [him] to gain control of [his] life and put things back together to be an American citizen with rights as every

American"; and to "provide a legal team." (Filing No. 1 at CM/ECF pp. 5, 7-8 (capitalization corrected).)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here attempts to allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of

rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

**A.  Douglas County Department of Corrections**

The Douglas County Department of Corrections is not a proper defendant. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) (the DCDC lacks the legal capacity to sue or be sued in its own name because it has no elected or appointed governing body with the authority to make appropriations and expenditures apart from Douglas County). Because the DCDC is not a separate legal entity from Douglas County, Plaintiff's claims against the DCDC shall be construed as claims against Douglas County. *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097 (D. Neb. 2015) (Nebraska law allows counties to sue and be sued, but the same is not true of county offices and departments); *Griggs v. Douglas Cty. Corr. Ctr.*, No. 8:07CV404, 2008 WL 1944557, at *1 (D. Neb. Apr. 29, 2008) (same); *Porter v. Hennepin Cty.*, No. CIV. 06-3142, 2006 WL 3841540, at *1 (D. Minn. Dec. 29, 2006) (dismissing county department of community corrections as defendant in 42 U.S.C. § 1983 action because department was not separate legal entity from county itself).

A county "may only be held liable for constitutional violations which result from a policy or custom of the municipality," *Yellow Horse v. Pennington Cty.*, 225 F.3d 923, 928 (8th Cir. 2000), whether the policy or custom is "made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be

3

held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental "custom," a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

As presently written, Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff makes no allegations whatsoever relating to the existence of a Douglas County policy or custom of being deliberately indifferent to the serious medical needs of inmates at the Douglas County Correctional Center.[1]

---

[1]To prevail on an Eighth Amendment deliberate-indifference claim, Plaintiff must prove that the defendant acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen,*

Specifically, Plaintiff does not allege any pattern of conduct by Douglas County employees, does not allege any "deliberate indifference to or tacit authorization" by Douglas County's policymaking officials "after notice to the officials of that misconduct," and does not allege that a custom or practice "was the moving force behind the constitutional violation," as required by *Jane Doe*.

### B. Sovereign Immunity

Plaintiff sues the State of Nebraska for money damages. The Eleventh Amendment bars claims for damages by private parties against the state and its agencies or departments. *See Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *Egerdahl*, 72 F.3d at 618-19. Here, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Accordingly, Plaintiff's claim for money damages against the State of Nebraska is barred by the Eleventh Amendment and shall be dismissed. Additionally, the State of Nebraska is not a "person" against which § 1983 claims for money damages may be brought. *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).

---

205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). For a claim of deliberate indifference, the prisoner must show more than negligence, more than gross negligence, and more than a mere disagreement with treatment decisions. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008); *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

## C. Lack of Specific Factual Allegations

Plaintiff claims that unnamed "state employees" have ignored his grievances regarding denial of medical attention and have performed surgery on him in his cell while he was sleeping.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To state a cognizable § 1983 claim, therefore, Plaintiff must set forth specific factual allegations showing what each named Defendant allegedly did or failed to do that purportedly violated Plaintiff's constitutional rights. The brief and vague assertions in Plaintiff's Complaint, as well as Plaintiff's failure to name any specific employees who have acted or failed to act in a matter that violates Plaintiff's constitutional rights are not sufficient to state an actionable § 1983 claim against any Defendant.

To the extent Plaintiff intends to base a § 1983 claim on his allegation that unnamed defendants failed to respond to his grievances and complaints in a timely fashion, such allegations do not constitute a violation of Plaintiff's constitutional rights. *See Merryfield v. Jordan*, 431 Fed. App'x 743, 749 (10th Cir. 2011) (holding that civilly committed sex offender lacked any federal constitutional right to an adequate grievance procedure); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that allegations regarding actions of prison officials in handling prisoner's grievances and regulating access to his attorney were insufficient to state a constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison official's failure to pick up his completed grievance forms).

To the extent Plaintiff intends to assert an Eighth Amendment claim for deliberate indifference to serious medical needs, see footnote (1), above.

## D. Request for Investigation and Counsel

Plaintiff asks the court to collect and analyze evidence regarding his medical condition, to conduct an investigation, and to provide a legal team. These are not judicial functions. However, to the extent Plaintiff requests that the court appoint counsel and an investigator, those requests are denied.

> [I]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (citing *Swope v. Cameron*, 73 F.3d 850, 851-52 (8th Cir. 1996). And, by extension, they do not have a right to a court-appointed investigator. *Cf. Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating that the plain language of section 1915 does not provide for the appointment of experts to aid an indigent litigant).

*Wheeler v. North Dakota*, No. 1:07-CV-075, 2008 WL 90097, at *1 (D.N.D. Jan. 8, 2008); *see also Davis*, 94 F.3d at 447 ("The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." (quotation and citation omitted)). Because Plaintiff has yet to state an actionable claim, and because the court has not yet determined whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A, the court finds no benefit in appointing counsel at this time. Thus, the Plaintiff's requests for the appointment of counsel and an investigator will be denied.

On its own motion, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file an amended complaint no later than **April 20, 2018**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS ORDERED:

1. The State of Nebraska is dismissed as a Defendant.

2. The clerk of the court shall amend the caption in this case by replacing defendant Douglas County Corrections with Douglas County. If Plaintiff wishes to pursue claims against Douglas County, he will need to allege *facts* indicating that Douglas County has a policy or custom of being deliberately indifferent to the serious medical needs of inmates at the Douglas County Correctional Center pursuant to the discussion in section III(A) of this Memorandum and Order.

3. Plaintiff shall file an amended complaint that states a claim upon which relief may be granted by **April 20, 2018**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. Plaintiff's requests for the appointment of counsel and an investigator are denied.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: **April 20, 2018**—amended complaint due.

DATED this 20th day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge